

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-26-00206-CR

_____

ORVIS WAYNE PORTER, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 16th District Court
Denton County, Texas
Trial Court No. F-23-2405-16

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Orvis Wayne Porter, proceeding pro se, attempts to appeal his conviction for unlawful possession of a firearm. *See* Tex. Penal Code § 46.04. Pursuant to a plea bargain, Porter pleaded guilty to that offense in exchange for the State's recommending that his punishment be assessed at two years' confinement. As part of his written plea agreement, Porter waived any right of appeal, and he was admonished that if the trial court followed the plea agreement, he could not appeal his case without permission from the trial court "except for matters raised by written motions filed prior to trial."

In accordance with the parties' agreement, the trial court found Porter guilty and sentenced him to two years' confinement. The trial court's "Certification of Defendant's Right of Appeal," which was signed by Porter, states that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* Tex. R. App. P. 25.2(a)(2), (d). The trial court also certified that Porter "has waived the right of appeal."

After receiving a copy of Porter's notice of appeal, we notified him that we had received the trial court's certification stating that this is a plea-bargain case, that he has no right of appeal, and that he waived the right of appeal. We warned him that unless he filed a response by June 22, 2026, showing grounds for continuing the appeal, this appeal could be dismissed. *See* Tex. R. App. P. 25.2(d), 44.3.

2

In his response, Porter argues that he received ineffective assistance of counsel, that his plea was involuntary, that the trial court failed to give him a mental-health evaluation, that there was a Fourth Amendment violation, that his case was "out jurisdiction," that there was illegally obtained evidence, and that there was an "actual innocent violation." However, his list of complaints does not provide a valid basis for continuing the appeal. *See Koutsoufis v. State*, No. 02-25-00214-CR, 2025 WL 2264059, at \*1 (Tex. App.—Fort Worth Aug. 7, 2025, no pet.) (mem. op., not designated for publication). Indeed, this case does not fit any of the recognized bases for appeal of a bargained-for sentence: the record does not reflect that Porter's sentence exceeded the State's recommendation, that he is appealing a matter raised by a written motion that was ruled on before trial, or that the trial court granted him permission to appeal. *See* Tex. Code Crim. Proc. art. 44.02; Tex. R. App. P. 25.2(a)(2); *Brown v. State*, No. 02-21-00083-CR, 2021 WL 3205065, at \*1 (Tex. App.—Fort Worth July 29, 2021, no pet.) (mem. op., not designated for publication).

Thus, in accordance with the trial court's certification, we dismiss the appeal. *See* Tex. R. App. P. 25.2(d), 43.2(f); *Koutsoufis*, 2025 WL 2264059, at \*2; *Brown*, 2021 WL 3205065, at \*1.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 23, 2026